IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JASMINE VILLANUEVA<br>2407 17th Street<br>Cuyahoga Falls, Ohio 44223<br><br>Plaintiff,<br><br>vs.<br><br>PORTAGE COUNTY<br>c/o Prosecutor Connie J. Lewandowski<br>241 South Chestnut Street, #2<br>Ravenna, Ohio 44226<br><br>-and-<br><br>PORTAGE COUNTY SHERIFF'S OFFICE<br>8240 Infirmary Road<br>Ravenna, Ohio 44266<br><br>Defendants. | CASE NO.:<br><br>JUDGE:<br><br>**COMPLAINT FOR DAMAGES**<br><br>(JURY DEMAND ENDORSED HEREIN) |

Plaintiff Jasmine Villanueva, by and through the undersigned, and as her Complaint against Defendant states and avers the following:

### PARTIES & VENUE

1. Villanueva is a former employee Defendants.

2. Portage County is a political subdivision of the state of Ohio and the Portage County Sheriff's Office is a division of the County.

3. At all times material herein, Villanueva was an employee of Defendants, pursuant to 42 U.S.C. § 2000e.

4. At all times material herein, Defendants were Villanueva's employer, pursuant to 42 U.S.C. § 2000e.

5. Jurisdiction is proper over Defendant pursuant to 28 U.S.C. § 1331, in that Villanueva is alleging federal law claims arising under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq*.

6. Within 300 days of the conduct alleged below, Villanueva filed a charge with the Equal Employment Opportunity Commission ("EEOC"), specifically Charge No. 532-2024-00721.

7. On August 4, 2025, Villanueva received a Right to Sue letter, dismissing her EEOC charge and providing her with the right to bring the instant matter.

8. Villanueva has properly exhausted her administrative remedies.

9. Venue is properly placed in the Unites States District Court for the Northern District of Ohio, Eastern Division, because it is the Court for the district, division, and county within which a substantial part of the events giving rise to this Complaint occurred.

10. This Court is a court of general jurisdiction over all subject matters of this Complaint and the claims presented herein.

## FACTS

11. In September 2020, Defendants hired Villanueva as a deputy.

12. Villanueva is female.

13. During the spring of 2023, Villanueva disclosed to Defendants that she was pregnant.

14. At the time that Villanueva notified Defendants that she was pregnant, Villanueva was assigned to work at the Portage County Court of Common Pleas as a courthouse deputy.

15. In July 2023, Villanueva provided Defendants with a list of accommodations related to her pregnancy.

16. Among Villanueva's requested accommodations were that she be permitted a break after three hours of work, that she be permitted to snack and hydrate as needed, and that she not be required to lift more than 20 pounds.
17. Defendants refused to accommodate Villanueva.
18. Defendants contended that they could not accommodate Villanueva's requested accommodation that she not be required to lift more than 20 pounds.
19. Despite the fact that Defendants employed a male deputy in the courthouse who had limited mobility because he was the recipient of a hip replacement, Defendants informed Villanueva that it could not accommodate her because the ability to subdue prisoners or unruly members of the public was a core duty of the position.
20. Despite the fact that Defendants employed a male deputy in the courthouse who was unable to stand for long periods without taking twenty-minute breaks to sit, Defendants informed Villanueva that it could not accommodate her because the ability to subdue prisoners or unruly members of the public was a core duty of the position
21. In early August 2023, because Defendants refused to accommodate her pregnancy, Villanueva took leave under the Family and Medical Leave Act.
22. In late August 2023, Villanueva provided Defendants with a revised list of proposed accommodations.
23. The late August 2023 accommodations that Villanueva provided Defendants, and which were attested to as medically reasonable by Villanueva's physician, did not include any restriction on how much weight Villanueva could lift.

24. Despite the fact that Villanueva's physician opined that Villanueva did not require a lifting restriction, Defendants refused to reinstate her into her position as a courthouse deputy.
25. While Defendants refused to accommodate Villanueva's initial lifting restriction and then, once that restriction was removed, refused to reinstate her as a courthouse deputy, Defendants employed male deputies in the courthouse who could not stand for long periods, who had limited mobility, and who had hearing loss significant enough that they could not be employed on patrol.
26. Defendants were accommodating of male deputies within the courthouse.
27. Defendants refused to accommodate Villanueva and even when her physician opined that she did not need the sole accommodation that Defendants contended they could not grant, Defendants refused to reinstate Villanueva into her courthouse position.
28. Defendants discriminated against Villanueva on the basis of her pregnancy and gender.
29. As a result of Defendants' unlawful discrimination against Villanueva, she has suffered pecuniary harm.

### COUNT I: DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND OHIO REV. CODE § 4112

30. Villanueva realleges all prior paragraphs of this Complaint.
31. At all times material herein, Villanueva was qualified for the position she held at Defendants.
32. Defendants discriminated against Villanueva on the basis of her pregnancy and gender, in contravention of Title VII of the Civil Rights Act of 1964 and Ohio Rev. Code § 4112.

33. As a result of Defendants' unlawful discrimination against Villanueva, she has suffered pecuniary harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jasmine Villanueva respectfully requests that this Honorable Court grant the following relief:

1. An award against Defendants of damages to compensate Villanueva for back pay, emotional distress, and other consequential damages, in an amount in excess of $25,000;

2. An award of reasonable attorney's fees and costs for Villanueva's claims as allowable and/or required under law;

3. Any award of other relief that this Court may deem necessary and proper.

Respectfully submitted,

*s/ Peter C. Mapley*
Peter C. Mapley (0092359)
**SOBEL, WADE & MAPLEY, LLC**
65 Erieview Plaza, #610
Cleveland, Ohio 44114
(216) 223-7213
mapley@swmlawfirm.com

*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff Jasmine Villanueva demands a trial by jury by the maximum number of jurors permitted.

*s/ Peter C. Mapley*
Peter C. Mapley (0092359)